(110 App. Div. 364.)

### PEOPLE ex rel. BARKER v. STRINGER.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. BASTARDS—ORDER FOR SUPPORT—VIOLATION OF ORDER.

    The court, pursuant to the stipulation of the parents of an illegitimate child, ordered that the expenses of maintaining the child at a designated institution, or at some other institution selected by the court, should be paid by the father. Subsequently the parents agreed that the child should be placed in some other institution, and the father failed to pay for its support there. *Held*, that the father could not be punished for contempt, and, until the child was placed either in the institution designated or some other institution selected by the court, the fact of his refusal to pay for its support could not be made the basis of a proceeding to punish him for contempt.

2. SAME—RIGHT TO DISOBEY ORDER.

    Where the parents of an illegitimate child voluntarily submitted themselves to the jurisdiction of the court and united in asking it to make an order for its maintenance at the expense of the father, which the court did, the father had no right to disobey the order.

3. SAME—PERSON ENTITLED TO ENFORCE ORDER.

    The court, pursuant to the stipulation of the parents of an illegitimate child, ordered that the expenses of maintaining the child at a designated institution, or some other institution selected by the court, should be paid by the father, and that he should pay to the mother's counsel a specified sum. *Held*, that until the mother complied with order by delivering the custody of the child to the proper institution she could not compel the father to pay the amount specified, or in default thereof punish him for contempt.

Appeal from Special Term, New York County.

Proceedings by the people, on the relation of Charles Bell Barker, against Adelia Gertrude Stringer. From an order denying a motion to punish relator for contempt, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

William P. Maloney, for appellant.
Abraham C. Cohen, for respondent.

McLAUGHLIN, J. The relator and the appellant are the parents of an illegitimate child now a little over four years of age. A dispute arose between them as to her custody, each claiming to be entitled thereto, and in March last, the child being in the custody of the mother, the relator obtained a writ of habeas corpus with a view of having it determined that he was entitled to her custody. On the return of the writ it appeared that the parties had entered into a written stipulation to the effect that the child was to be placed in the Convent of the Sacred Heart, or such other Roman Catholic convent as the court might

thereafter designate, there to remain under the direction and supervision of the Supreme Court until she attained legal age, and to be educated and cared for there; the necessary expenses for the support, maintenance, and education to be paid by the relator, who was also to pay to the appellant's counsel the sum of $1,000 in three installments, at the times specified. The stipulation also contained other provisions which it is unnecessary to here mention. The stipulation was, at the request of both parties, and on motion of their respective counsel, incorporated into and made the order of the court in disposing of the habeas corpus proceedings. The child was not placed in the Convent of the Sacred Heart, nor in any other Roman Catholic convent thereafter designated by the court. She was placed by the mother—and, according to her contention, with the consent of the relator—in a private institution, where she remained for a short time, when she was taken out by the mother and in whose custody she has since remained. The relator did not, while the child was in this institution, nor has he since, paid anything towards her support, education, and maintenance, and has paid only the first installment of the counsel fee referred to, though the second is past due. Upon papers showing those facts the mother of the child moved to punish the relator for contempt in not complying with that provision of the order which directed that he pay for the support, education, and maintenance of the child, and also counsel fees. The motion was denied, and she has appealed.

I am of the opinion that this motion was properly denied. The relator did not stipulate to pay for the child's support, maintenance, and education, except she be placed in the Convent of the Sacred Heart or some other Roman Catholic convent designated by the court, and the order did not direct him to make such payment unless the child be delivered to the custody of the Convent of the Sacred Heart or some some other Roman Catholic convent designated by the court. The fact that the parties entered into another arrangement by which the child was placed in some other institution, and the relator did not there pay for her support, education, and maintenance, is not a ground for punishing him for contempt in not obeying the order of the court, because the court had never directed him to make such payment. Until the child, therefore, has been placed either in the Convent of the Sacred Heart or some other institution designated by the court, the fact that he refuses to pay cannot be made the basis of proceedings to punish him for contempt in not complying with the order of the court.

The propriety of the court making an order of this character is not before us. The parties voluntarily submitted themselves to the jurisdiction of the court and united in asking it to make the order which it did, and the court, upon such request, and deeming it for the best interest of the child, made the order, and it hardly lies with the relator now to say that he will not obey it. But he cannot be compelled to carry out its provisions until the appellant herself has placed the child where she was directed to place her. Nor do I think the appellant is in a position to ask the court to punish the relator because he has not paid her counsel as directed. She herself has not complied with the order, and, until she does so, by delivering the custody of the child either to the Convent of the Sacred Heart or to some other Roman

Catholic institution designated by the court; she is not in a position to ask that the court exercise its powers to compel the relator to pay the amount directed, or in default thereof punish him for a contempt of court.

The order appealed from, therefore, must be affirmed, with $10 costs and disbursements, without prejudice, however, to the appellant's right to renew the motion in so far as it relates to the payment of counsel fees after she complies with the order by delivering the custody of the child as therein directed. All concur.

